IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN LE MONKMAN, II. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: 1:21-CV-338 |
| ) | JURY TRIAL REQUESTED |
| ) | |
| JUSTIN DAVIS, individually and ) | |
| in his official capacity as a police ) | |
| officer for the City of Dothan, ) | |
| Alabama, STEVE PARRISH, ) | |
| individually and in his official ) | |
| capacity as Chief of Police of ) | |
| Dothan, Alabama, and the CITY ) | |
| OF DOTHAN, ALABAMA. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff and says as follows:

1. Plaintiff, Kevin Le Monkman, II., alleges that Defendants violated certain rights guaranteed under the United States Constitution by wrongfully and without just cause arresting, imprisoning and prosecuting her. Defendant, City of Dothan, Alabama, is liable because of its policy and custom of encouraging, tolerating, permitting and ratifying a pattern and practice of illegal arrests, imprisonments and prosecutions, which were known to Plaintiff, or which should have been known to Plaintiff. Defendants, Steve Parrish and Justin Davis, carried out said policies.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983, 1985 and 1988 and the Fourth and Fourteenth Amendment to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1341(3) and (4) and the aforementioned constitutional and statutory provisions. Plaintiff invokes this court's pendent jurisdiction over plaintiff's state law claims.

## PARTIES

3. Plaintiff, Kevin Le Monkman, II., hereinafter, ("Plaintiff" or "Monkman"), is an African-American and was at all times relevant herein a citizen of the United States and a resident of Houston County, Alabama.

4. The City of Dothan, Alabama (hereinafter, "Dothan"), is a municipal corporation organized and operating in Alabama.

5. Defendant, Steve Parrish (hereinafter, "Parrish"), a Caucasian male, was, at all times relevant herein, the duly appointed Chief of Police for Dothan.

6. Defendant, Justin Davis (hereinafter, "Davis"), a Caucasian male, at all times relevant herein, was duly appointed and acted as a police officer with Dothan and was issued a badge by Dothan.

7. At all times mentioned herein, Defendants, Parish and Davis, were acting within the scope of their duties and under color of the law, to wit, under the color of ordinances, regulations, policies, customs and usages of Dothan and the State of

Alabama.

## FACTUAL BACKGROUND

8. On or about March 5, 2019, Defendant, Davis, signed a complaint against Plaintiff that charged that: "Kevin Le Monkman, II., ... on or about May 5, 2019, / committed assault and battery."

9. March 5, 2019, Davis caused the magistrate for Houston County, Alabama to issued an arrest warrant for Plaintiff.

10. On or about May 5, 2019, Plaintiff was arrested in the City of Dothan, and later placed in the Houston County Jail.

11. As a result of Plaintiffs arrest, Plaintiff lost the chance of his employment.

12. On May 5, 2021, Plaintiff's criminal charges were dismissed.

## COUNT I: UNLAWFUL ARREST AND SEIZURE

13. Plaintiff re-alleges and adopts all paragraphs as if set out herein.

14. On March 5, 2019, Defendants, Davis, Parrish and Dothan, deprived Plaintiff of his liberty by causing him to be detained in jail in the Houston County Jail in Houston County, Alabama for two days until he bonded out.

15. Plaintiff claims that his arrest was without probable cause; inasmuch as, no victim could prove that Plaintiff assaulted Davis.

16. Plaintiff avers that his arrest was unlawful and violated her clearly

established rights to be free from unlawful arrest guaranteed him by the Fourth Amendment of the United States Constitution, made applicable to the State by the Fourteenth Amendment of the U.S. Constitution.

17. Defendant Davis, knew or should have known that he was violating Plaintiff's clearly established right to be free from unlawful seizure.

18. Defendant Davis, intentionally and or recklessly disregarded the clearly established right of Plaintiff to be free from unlawful arrest.

19. Plaintiff's imprisonment was done without probable cause, in bad faith, willfully and beyond Defendant Davis authority or under mistaken interpretation of the law.

20. Defendant Davis, subjected plaintiff to such deprivation of rights by either malice or reckless disregard of Plaintiff's clearly established rights.

21. The above actions of Defendants Davis, Parrish and Dothan deprived plaintiff of his clearly established right under the United States Constitution to be free from deprivation of liberty without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

22. As a direct and proximate result of the acts of Defendants, Davis, Parrish and Dothan, Plaintiff suffered severe injuries, including great pain and mental suffering, humiliation, lost wages, was deprived of her liberty and incurred substantial legal fees.

**WHEREFORE,** Plaintiff demand judgment against Defendants, Davis, Parish and Dothan, jointly or severally, as follows:

(a) Award Plaintiff compensatory damages against Defendants in the amount of $100,000.00;

(b) Award Plaintiff punitive damages against Defendants in the amount of $300,000.00;

(c) Award costs of this action, including attorney's fees to Plaintiff; and

(d) Award such other and further relief as this court may deem appropriate.

## COUNT TWO: NEGLIGENT SUPERVISION, TRAINING AND RETENTION

23. Plaintiff re-alleges and adopts preceding paragraphs.

24. On May 5, 2019, Plaintiff was arrested by Defendant Davis, a subordinate officer under the control and direction of Defendant Parrish.

25. On said date Defendants, Parrish, maintained a system of grossly inadequate training pertaining to the law of permissible arrests and such program fails to meet standard police training principals and criteria.

26. The foregoing acts, omissions, and systematic deficiencies are policies, practices and customs of the City of Dothan, the consequence of which caused Parrish, to fail to instruct, train and supervisor his subordinate Davis to be aware of proper rules for arrest and imprisonment, all with the foreseeable results that Davis

was likely to engage in improper arrests and imprisonments.

27. The aforementioned failure to train was done with deliberate indifference to the clearly protected rights of plaintiff and persons with whom Parrish's subordinates come in contact.

28. As a direct and proximate result of the aforementioned acts, omissions, systematic deficiencies, policies, practices and customs of Defendants, Parrish and Dothan, Plaintiff's aforementioned, clearly established rights to be free from arrest, search and imprisonment without probable cause, as guaranteed by the Fourth and Fourteenth Amendment of the United States Constitution, were violated when he was arrested and imprisoned by Defendants, Davis, Parrish and Dothan, without probable cause.

29. Plaintiff suffered severe injuries, including loss of liberty, loss of employment, great pain and mental suffering, humiliation and incurred substantial legal expenses.

**WHEREFORE,** Plaintiff demand judgment against Defendants, City, Parrish and Davis, Plaintiff demands judgment against Defendants, jointly or severally, as follows:

(a) Award Plaintiff compensatory damages against defendants in the amount of $100,000.00;

(b) Award Plaintiff punitive damages against defendants in the amount of

$300,000.00;

(c) Award costs of this action, including attorney's fees to Plaintiff; and

(d) Award such other and further relief as this court may deem appropriate.

### COUNT THREE: PENDENT STATE CLAIM FOR MALICIOUS PROSECUTION

30. Plaintiff re-alleges and adopts preceding paragraphs as if set-out herein.

31. On or about May 5, 2019, Defendant, Davis, with the aid, assistance and concert of action of Defendants, Dothan and Parrish, prosecuted Plaintiff for assault, 2nd degree for assaulting Davis while arresting him.

32. On May 5, 2021, said charge was dismissed.

33. Plaintiff avers that Defendants had no probable cause to arrest and prosecute Plaintiff for assaulting its police officer.

34. In doing so, Defendants, Davis, Parrish and Dothan acted wilfully, maliciously, in bad faith beyond their authority or under a mistaken interpretation of the law.

35. Plaintiff avers that this prosecution violated clearly established law for Plaintiff to be free of unwarranted prosecution guaranteed him by the Fourth and Fourteenth Amendment of the United States Constitution.

36. As a direct and proximate result of the acts of Defendants, Davis, Parrish and Dothan, Plaintiff suffered severe injuries, including great pain and mental

suffering, humiliation, lost wages, was deprived of his liberty and incurred substantial legal fees.

**WHEREFORE,** Plaintiff demand judgment against Defendants, Davis, Parrish and Dothan, jointly or severally, as follows:

(a) Award Plaintiff compensatory damages against Defendants in the amount of $100,000.00;

(b) Award Plaintiff punitive damages against Defendants in the amount of $300,000.00;

(c) Award costs of this action, including attorney's fees to Plaintiff; and

(d) Award such other and further relief as this court may deem appropriate.

Respectfully Submitted,

*/s/ Henry L. Penick*

Henry L. Penick
PENICK LAW FIRM, P. C.
2117 - 16th Avenue South
P.O. Box 967
Birmingham, Alabama 35201-0967
Phone: (205) 252-2538
Email: hlpenick@bham.rr.com

**Plaintiff's Address:**
Kevin Le Monkman, II.
1132 Meharis Circle
Dothan, Alabama 36303

**Defendant's Address:**
Justin Davis
c/o City of Dothan Police Department

210 North Saint Andrews Street
Dothan, Alabama  36303

Chief Parris
c/o City of Dothan
210 North Saint Andrews Street
Dothan, Alabama 36303

City of Dothan, Alabama c/o City Manager
210 North Saint Andrews Street
Dothan, Alabama 36303