IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN LE MONKMAN, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-338-RAH-KFP |
| ) | [WO] |
| JUSTIN DAVIS, *individually and in* ) | |
| *his official capacity as a police officer* ) | |
| *for the City of Dothan, Alabama*, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Since June 2021, Plaintiff Kevin Le Monkman, II, through his legal counsel, Henry L. Penick, has ignored five orders of the Court. (*See* Doc. 13; Doc. 17; Doc. 18; Doc. 19; Doc. 24.) Most alarmingly, two of those were show cause orders, one of which was issued after a recent telephone hearing during which Mr. Penick was tasked with answering why he repeatedly ignored orders of this Court. (*See* Doc. 19; Doc 24.) On August 2, 2021, the Court forewarned Mr. Penick that his failure "to show cause or otherwise respond" "as to why this action should not be dismissed for the failure to comply with this Court's orders and to prosecute this action" "may result in dismissal of this case." (Doc. 19.) So, the fact that this Court now chooses to dismiss this case should come as no surprise to Mr. Penick.

Making matters worse, when the Court gave Mr. Penick an opportunity to

explain his non-compliance issues—and save his sinking ship— during a September 2, 2021, telephone hearing, Mr. Penick's explanation contained a raft of inconsistencies and contradictions, which immediately raised questions of honesty and candor.[1] (Doc. 23.)

Mr. Penick's questionable statements and his continued failure to file a response to the August 2, 2021, show cause order resulted in the Court issuing another order (Doc. 24) on September 3, 2021, that compelled Mr. Penick to, **by September 10, 2021**:

1. File specific proof supporting the statements he made during the September 2, 2021, telephone hearing;

2. Show cause why he should not be held in contempt of court; and

3. File an Amended Complaint that addressed the pleading deficiencies discussed by the Court during the September 2, 2021, telephone hearing, in the Court's September 3, 2021, Order, and in the Defendants' Motion to Dismiss.

Most troubling, this September 3, 2021, order still did not capture Mr. Penick's attention because he filed nothing in response by the September 10, 2021,

---

[1] This is not the first case before this Court in which Mr. Penick has missed deadlines. *See, e.g., Smith v. Dothan, Ala.,* No. 1:19-CV-86-RAH, 2020 WL 7770900, at *1 (M.D. Ala. Dec. 30, 2020), Mot. For Extension of Deadline to File Resp. to Mot. for Summ. J., July 2, 2020, Doc. 51 (requesting an extension a month after his summary judgment response was due).

deadlines despite being obligated to do so.  Having been warned already that the failure to prosecute may warrant dismissal of this case and given the repeated failures by the Plaintiff, through counsel, to comply with orders of this Court, the Court concludes that dismissal of this case without prejudice is appropriate.

The Court finds that lesser sanctions than dismissal are not appropriate.  *See Tanner v. Neal*, 232 F. App'x 924, 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file amended complaint in compliance with court's order and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a district court "possesses the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice").

Counsel's actions, or rather lack of actions, show a clear record of dilatory and contumacious conduct.  Indeed, the Court has considered lesser sanctions and probably would not have done anything other than a verbal chastising had counsel timely complied with the Court's most recent September 3, 2021, Order.  But counsel's most recent non-compliance, his most egregious to date, compels no other

conclusion than that dismissal of this case is appropriate.

Accordingly, it is **ORDERED as follows:**

1. This case is **DISMISSED** without prejudice;

2. Costs are taxed against the Plaintiff;

3. All pending deadlines are terminated;

4. The Oral Argument set for October 6, 2021, is **CANCELLED**;

5. The Clerk of the Court is **DIRECTED** to close the case;

6. The Clerk of Court is **DIRECTED** to forward a copy of this Order directly to Kevin Le Monkman, II at 1132 Meharis Circle, Dothan, Alabama 36303.

7. The Clerk of Court is **DIRECTED** to forward copies of (a) the Case Docket, (b) this Order, and (c) the Orders issued by this Court on August 2, 2021, and September 3, 2021, to the **Office of General Counsel of the Alabama Bar Association** for appropriate review and disposition.

**DONE and ORDERED**, on this the 20th day of September, 2021.

                          /s/ R. Austin Huffaker, Jr.
                        R. AUSTIN HUFFAKER, JR.
                        UNITED STATES DISTRICT JUDGE